SCOTT *v*. STARK, RECEIVER, ETC.

[No. 14,577.   Filed December 23, 1932.]

*Charles D. Hunt* and *Perry Douglas,* for appellant.
*Jesse E. Bedwell,* for appellee.

CURTIS, C. J.—This is an action in which the appellant filed a claim against the appellee, receiver, alleging therein that it was and is a preferred claim. No special answer was filed by the appellee. The trial was before the court, who, upon proper request, made a special finding of facts and stated conclusions of law thereon. The conclusions of law are as follows: "(1) That the claimant William Scott is entitled to recover of and from the defendant the sum of $11,000.00 as a general claim. (2) That the claim of the claimant William Scott is not a prior or preferred claim. (3) That the claimant recover costs in this action." The court entered its judgment in accordance with the conclusions of law.

The errors relied upon for reversal are: "The court erred in each of its conclusions of law stated upon the Special Finding of Facts." It will thus be seen that the correctness and sufficiency of the finding of facts are not questioned. The appellant says in his brief that "The only question, controversy and issue in this cause between the appellant and the appellee is that of whether or not the appellant is entitled to a preferred claim instead of a general claim."

The finding of facts discloses that the appellant, during the period of existence of the First State Bank of Shelburn, Indiana, was its customer and depositor, and that on January 26, 1929, said bank was closed by the order of the Bank Commissioner of Indiana, and Herschel V. Stark was appointed receiver of said bank by the Sullivan Circuit Court and that he qualified and is now acting as such receiver; that for some time prior to May 16, 1927, the appellant was the owner of certain liberty bonds and coupons which he at said time transferred and delivered to said bank to be sold by said bank, which was done and the proceeds, amounting to $9,710.87, turned over to him on May 20, 1927; that he added an additional sum thereto and, under date of

May 18, 1927, he received an interest bearing certificate of deposit in said bank in the total sum of $10,000.00; that on February 18, 1928, the appellant increased his interest bearing deposit in said bank from $10,000.00 to $11,000.00 for which he was given two bond certificates, one for $6,000.00 and the other for $5,000.00 as follows:

"U. S. Bond Certificate of Deposit
First National Bank
71-908                                                        No. 1296
Shelburn, Ind., Feb. 18, 1928.
This certifies that William Scott has deposited in this bank Six Thousand......Dollars .(par value) in U. S. Fourth Liberty Loan $4\frac{1}{4}$ per cent coupon bonds, returnable to him or to his order at this bank on surrender of this certificate properly endorsed.

Interest payable hereon in lieu of the interest on such bonds according to the terms and tenor of such bonds.  Interest due March 15 & Sept 15.
J. F. Bolinger
Pres."

"U. S. Bond Certificate of Deposit
First National Bank
71-908                                                        No. 1297
Shelburn, Ind., Feb. 18, 1928
This certifies that William Scott has deposited in this bank Five Thousand......Dollars (par value) in U. S. Fourth Liberty Loan $4\frac{1}{4}$ per cent coupon bonds, returnable to him or to his order at this bank on surrender of this certificate properly endorsed.

Interest payable hereon in lieu of the interest on such bonds according to the terms and tenor of such bonds.  Interest due Mar 15 & Sept 15.
J. F. Bolinger
Pres."

It is further found that the two bond certificates above set out did not represent bonds deposited by the appellant, but did represent a deposit of money in said bank for which the bank agreed to pay interest and did pay interest at various times; that on November 10, 1928, the appellant went to said bank and returned the two

bond certificates above set out and, without withdrawing the $11,000.00 he had on deposit, he then received from the bank the following receipt, to-wit:

"U. S. Bond Certificate of Deposit
First State Bank

71-908                          No. 1350
Shelburn, Ind., November 10, 1928

This certifies that William Scott has deposited in this bank Eleven Thousand......Dollars (par value) in U. S. 4th Liberty Loan 4¼ per cent coupon bonds, returnable to him or to his order at this bank on surrender of this certificate properly endorsed.

Interest payable hereon in lieu of the interest on such bonds according to the terms and tenor of such bonds. Interest Nov. 10 & May 10.

J. F. Bollinger,
President.

This deposit is secured by Personal Depository Bond attached hereto and bears 5% interest from date."

At the same time the appellant also received a personal depository bond as follows:

"Personal Bond of Depository for Private Funds

Know All Men by These Presents: That we, the First State Bank of Shelburn, Indiana, as principal, and C. B. Bolinger, J. F. Bolinger, Medsker Loften, Calvin Nicholson and Chris DuBois, all residents and freeholders of the State of Indiana, as sureties, are held and firmly bound unto William Scott of Shelburn, Indiana, in the penal sum of Eleven Thousand Dollars ($11,000.00) lawful money of the United States, for the payment of which, well and truly to be made to the said William Scott, we hereby bind ourselves, our heirs, executors and administrators, successors and assigns, jointly and severally, firmly, by these presents. The condition of this obligation is such that, whereas the said First State Bank of Shelburn, a corporation, duly organized and transacting business under the laws of the State of Indiana, and doing business in the town of Shelburn, Indiana, in the County of Sullivan and State of Indiana, did accept a deposit from said William Scott in the amount of Eleven Thousand Dollars ($11,000.00) on the 10th day of November, 1928,

the said deposit to bear interest at the rate of five per cent per annum from November 10, 1928, payable semi-annually. Now, if the said First State Bank of Shelburn, Indiana, shall pay over and deliver without discount to said William Scott, his heirs or assigns, whenever lawfully demanded, the whole of the said sum of Eleven Thousand Dollars ($11,000.00) and make all interest payments promptly when due and hold said William Scott harmless and indemnified against any and all loss from whatsoever cause occurring and against any and all failure and default in the payment of the principal or interest of such deposit, then this bond shall be void; otherwise of full force and effect.

In Witness Whereof, The said First State Bank as principal has caused this instrument to be signed and its seal affixed thereto, but its president and cashier acting in the name and on behalf of said bank and said: C. B. Bolinger, J. F. Bolinger, Medsker Lofton, Calvin Nicholson and Chris Dubois, as sureties, have hereunto set their hands and seals this 10th day of November, 1928.

First State Bank,
Shelburn, Indiana.
By J. F. Bolinger,
President.
R. G. Kirk,
Cashier."

(Here follows the signatures of sureties and the acknowledgment on the bond which is not necessary to be set out.)

The special finding further shows that the said deposit of $11,000.00 was never reflected in the checking account of the appellant in his pass book at any time subsequent to May 18, 1927, but was at all times thereafter reflected by the certificates of deposit heretofore mentioned. It is further found that said deposit was a general deposit in said bank and that on January 26, 1929, on the appointment of the receiver for said bank, all of the cash that came into his hands was approximately $7,000.00 and that since said time said receiver has converted into cash enough of the assets in said

bank to increase the cash to the approximate amount of $50,000.00, which the receiver now has.

If upon the finding of facts herein the appellant, under the law, is entitled to a preferred claim, then the conclusions of law as announced by the court are erroneous and the judgment must be reversed, but if his claim is a general claim, as found by the court, the judgment should be affirmed.

The finding of facts is unassailed by any assignment of error; there is no question presented as to the admission or rejection of any evidence; there was no issue of fraud tendered to the trial court whereby the appellant was induced to make the deposits in the bank or to leave them there and the finding is entirely silent as to any such fraud; none of the errors relied upon for reversal present that question; there is no finding that the deposits were made when the bank was insolvent, in fact, it is disclosed by the finding that they were made long before the date when the bank was closed by the commissioner and the receiver appointed; the finding is that the deposits were general deposits of money and not of bonds and that the bank paid interest upon several occasions to the appellant upon said deposits. The personal bond heretofore set out, which was taken by the appellant from the appellee, recited that said bank "did accept a deposit from said William Scott in the amount of eleven thousand dollars ($11,000.00) on the 10th day of November, 1928, the said deposit to bear interest at the rate of five per cent per annum from November 10, 1928, payable semi-annually." The bond further provided as follows: "Now, if the said First State Bank of Shelburn, Indiana, shall pay over and deliver without discount to said William Scott, his heirs or assigns, whenever lawfully demanded, the whole of the said sum of eleven thousand dollars ($11,000.00) and make all interest payments promptly when due and hold said Wil-

liam Scott harmless and indemnified against any and all loss from whatsoever cause occurring and against any and all failure and default in the payment of the principal or interest of such deposit, then this bond shall be void, otherwise of full force and effect."

From the finding of facts, we conclude that no trust was ever created between the appellant and the bank in respect to said deposits and that none arose by operation of law; that the appellant's claim is a general claim and not entitled to preference; that the relation that existed between the appellant and the bank was that of creditor and debtor and that the conclusions of law as stated by the court are correct.

The principles of law governing this case have been so clearly announced by our courts that we do not deem it necessary to restate them. See *Union National Bank* v. *Citizens Bank* (1899), 153 Ind. 44, 54 N. E. 97; *Shopert* v. *Indiana National Bank et al.* (1908), 41 Ind. App. 474, 83 N. E. 515; *Beard, Auditor* v. *The Peoples Savings Bank* (1913), 53 Ind. App. 185, 101 N. E. 325.

Having reached the conclusions above indicated it becomes unnecessary for us to discuss the questions that usually arise as to the burden of tracing funds into the assets in the hands of the receiver.

The appellee has filed a motion to dismiss this appeal but we have concluded to overrule the same, which is now done, and to decide the case upon its merits. There has also been a suggestion made that the appellant has died since the submission herein.

We have found no reversible error. The judgment is therefore affirmed as of the date of the submission of the cause.

Judgment affirmed.

Bridwell, J., not participating.